IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| Carolina Casualty Insurance Company, | ) | |
| | ) | C/A No. 3:16-3704-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Walker & Morgan, LLC; S. Kirkpatrick Morgan, Jr.; William P. Walker, Jr.; Wanda Ferguson, as Personal Representative of the Estate of Jim Ferguson; Ronald Mills; Timothy Burch; John Coleman; Richard Nix, as Personal Representative of the Estate of Dale Guiterrez; Jacob Williams; Donald Tillman, | ) ) ) ) ) ) ) ) ) | **ORDER AND OPINION** |
| Defendants. | ) ) | |

Plaintiff Carolina Casualty Insurance Company brought this declaratory judgment action on November 22, 2016. See 28 U.S.C. §§ 2201 et seq. Plaintiff asks the court to determine Plaintiff's rights and obligations under a professional liability insurance policy issued to Defendant Walker & Morgan, LLC (the "Policy") with respect to actions brought against Walker & Morgan, LLC and its members, Defendants S. Kirkpatrick Morgan, Jr. and William P. Walker, Jr. (together with Walker & Morgan, LLC, the "Walker Morgan Defendants") by Defendants Wanda Ferguson, Ronald Mills, Timothy Burch, John Coleman, Richard Nix, Jacob Williams, and Donald Tillman (together, the "Client Defendants"). The cases brought by the Client Defendants against the Walker Morgan Defendants currently are pending in state and federal court (the "Underlying Cases"), and allege causes of action for professional negligence, breach of fiduciary duty, and violation of the South Carolina Unfair Trade Practices Act, S.C. Code Ann. §§ 39-5-10, et seq. The Client Defendants

seek actual, consequential, and punitive damages; disgorgement of attorneys' fees collected; and attorneys' fees and costs of the actions.

The Policy defines "Damages" as follows, in pertinent part:

> "**Damages**" means a monetary judgment, award or settlement, pre-judgment interest and post-judgment interest; provided, however, **Damages** shall not include:
>
> 1. taxes, civil or criminal fines, or penalties imposed by law, or
> 2. matters which are uninsurable under the law pursuant to which this Policy is construed, or
> 3. legal fees, costs and expenses paid, incurred or charged by the **Insured**, whether claimed as forfeiture, restitution of specific funds, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing, . . . .

ECF No. 1-1, 6.

Plaintiff contends that the plain language of the Policy does not extend to claims for the recovery of legal fees, costs, or expenses charged by the Walker Morgan Defendants. Specifically, Plaintiff asks the court to:

1. Declare Carolina Casualty has no duty to indemnify Walker Morgan Defendants for any award of disgorgement or any form of damages constituting fees charged by Walker Morgan Defendants;

2. Declare Carolina Casualty has no duty to indemnify Walker Morgan Defendants for any award of damages under the South Carolina Unfair Trade Practices Act claim, including any trebled damages[.]

ECF No. 1, 13.

On August 11, 2017, Plaintiff and Defendants filed a stipulation in which they agreed and stipulated to the following:

1. Carolina Casualty is providing a defense in the Underlying Cases subject to the limits of coverage set forth in the Policy.

2. The Underlying Cases may seek recovery of legal fees, costs and expenses

        paid, incurred or charged by the Insured whether claimed as forfeiture, restitution or disgorgement of specific funds, financial loss, set-off or damages.

3. The Policy of insurance issued by Carolina Casualty to Walker & Morgan, LLC and identified by Policy Number 1332052 does not provide coverage for recovery of legal fees, costs and expenses paid, incurred or charged by the Insured whether claimed as forfeiture, restitution disgorgement of specific funds, financial loss, set-off or damages.

4. Therefore, Carolina Casualty is entitled to a declaratory judgment that it does not have a duty to indemnify Walker & Morgan, LLC, Kirkpatrick Morgan, Jr. and/or William P. Walker, Jr. for that portion of any damages awarded against them for "legal fees, costs and expenses paid, incurred or charged by" them, whether claimed as forfeiture, restitution or disgorgement of specific funds, financial loss, set-off or damages.

5. Carolina Casualty will have no obligation to pay any pre-judgment or post-judgment interest relating to any portion of any damages awarded against Walker & Morgan, LLC, Kirkpatrick Morgan, Jr., and/or William P. Walker, Jr. in the Underlying Cases for "legal fees, costs and expenses paid, incurred or charged by" Walker & Morgan, LLC, Kirkpatrick Morgan, Jr., and/or William P. Walker, Jr., whether those damages are awarded in the form of disgorgement or damages.

6. Carolina Casualty expressly reserves its right to request special interrogatories either by moving to intervene in the various Underlying Cases or by making such a request to Walker & Morgan, LLC, Kirkpatrick Morgan, Jr. and/or William P. Walker, Jr. to address what portion of any damages awarded in any of the Underlying Cases is being awarded as recovery of "legal fees, costs and expenses paid, incurred or charged by" Walker & Morgan, LLC, Kirkpatrick Morgan, Jr., and/or William P. Walker, Jr. By entering into this stipulation, Walker & Morgan, LLC, Kirkpatrick Morgan, Jr., William P. Walker, Jr., and the Former Walker & Morgan Clients do not agree or concede that Carolina Casualty has a right to intervene or to seek such special interrogatories.

7. The remainder of the Declaratory Judgment Action should be dismissed without prejudice. The parties will jointly file a separate Stipulation of Voluntary Dismissal Without Prejudice.

ECF No. 26.

This matter now is before the court on Plaintiff's motion and memorandum for entry of partial declaratory judgment, which motion was filed on August 11, 2017, with the consent of Defendants. Plaintiff informs the court that the parties have stipulated (1) the exception to the definition of "Damages" in the Policy extends to claims for disgorgement; (2) Plaintiff is entitled to a declaratory judgment that it does not have a duty to indemnify the Walker Morgan Defendants for any damages awarded for legal fees, costs, and expenses paid, incurred, or charged by the Walker Morgan Defendants; and (3) Plaintiff will have no obligation to pay any pre-judgment or post-judgment interesting relating to any portion of any damages awarded against the Walker Morgan Defendants for legal fees, costs, and expenses paid, incurred, or charged by the Walker Morgan Defendants.

Upon review of the complaint, the parties' stipulation, and the applicable law, the court **grants** Plaintiff's motion (ECF No. 27). The court finds and declares as follows:

1. The Underlying Cases may seek recovery of legal fees, costs and expenses paid, incurred or charged by Walker & Morgan, LLC, whether claimed as forfeiture, restitution or disgorgement of specific funds, financial loss, set-off or damages.

2. The Policy issued by Plaintiff to Walker & Morgan, LLC and identified by Policy Number 1332052 does not provide coverage for recovery of legal fees, costs and expenses paid, incurred or charged by the Walker & Morgan, LLC, whether claimed as forfeiture, restitution disgorgement of specific funds, financial loss, set-off or damages.

3. Therefore, Plaintiff is entitled to a declaratory judgment that it does not have a duty to indemnify Walker & Morgan, LLC; Kirkpatrick Morgan, Jr.; and/or William P. Walker, Jr. for that portion of any damages awarded against them for "legal fees, costs and expenses paid, incurred

or charged by" them, whether claimed as forfeiture, restitution or disgorgement of specific funds, financial loss, set-off or damages.

4. Plaintiff will have no obligation to pay any pre-judgment or post-judgment interest relating to any portion of any damages awarded against Walker & Morgan, LLC; Kirkpatrick Morgan, Jr.; and/or William P. Walker, Jr. in the Underlying Cases for "legal fees, costs and expenses paid, incurred or charged by" Walker & Morgan, LLC, Kirkpatrick Morgan, Jr., and/or William P. Walker, Jr., whether those damages are awarded in the form of disgorgement or damages.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

August 18, 2017